1   WILLIAM R. TAMAYO (CA Bar No. 084965)
    JONATHAN T. PECK, Supervisory Trial Attorney (VA Bar No. 12303)
2   CINDY O'HARA (CA Bar No. 114555)
    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3   San Francisco District Office
    350 The Embarcadero, Suite 500
4   San Francisco, CA 94105
    Telephone No. (415) 625-5653
5   Facsimile No. (415) 625-5657

6   Attorneys for Plaintiff Equal Employment Opportunity Commission

*FILED*
06 SEP 29 PM 4:47
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  EQUAL EMPLOYMENT                )  Case No.   C 06 - 6140  RS
    OPPORTUNITY COMMISSION,         )
12                                  )  **COMPLAINT**
                  Plaintiff,        )
13                                  )  Civil Rights-Employment Discrimination
        v.                          )
14                                  )  DEMAND FOR JURY TRIAL
    HAMMON PLATING CORPORATION,     )
15                                  )
                  Defendant.        )
16  _____  )

17                    **NATURE OF THE ACTION**

18          This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of

19  the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national

20  origin and retaliation, and to provide appropriate relief to Teresa Aguilar, Luz Esparza, and Julio

21  Villa, and similarly situated employees who were adversely affected by such practices.

22  Defendant Hammon Plating Corporation subjected Ms. Aguilar and Ms. Esparza, and  similarly

23  situated employees to unlawful sexual harassment.  In addition, Defendant subjected Ms.

24  Aguilar, Ms. Esparza, Mr. Villa, and similarly situated employees to unlawful discriminatory

25  harassment based on their national origin, Mexican.

26                    **JURISDICTION AND VENUE**

27          1)      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337,

28  1343 and 1345.  This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title

1  VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII")

2  and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3       2)      The unlawful employment practices alleged herein were and are now being

4  committed within the jurisdiction of the United States District Court for the Northern District of

5  California.

6  **INTRADISTRICT ASSIGNMENT**

7       3)      This action is appropriate for assignment to San Jose because the unlawful

8  employment practices alleged were and are being committed in  Santa Clara County, the

9  employment records relevant to the unlawful practices were and are located in Santa Clara

10  County, and Defendant's principal place of business is in Santa Clara County.

11  **PARTIES**

12       4)      Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the

13  agency of the United States of America charged with the administration, interpretation and

14  enforcement of Title VII, and is expressly authorized to bring this action by §§706(f)(1) and (3)

15  of Title VII, §§2000-e(f)(1) and (3).

16       5)      Defendant Hammon Plating Corporation ("Defendant") is a California

17  corporation, doing business in the State of California, in the County of Santa Clara, and has

18  continuously had at least 15 employees.

19       6)      At all relevant times, Defendant Hammon Plating Corporation has continuously

20  been an employer engaged in an industry affecting commerce, within the meaning of Section

21  701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000-e(b), (g) and (h).

22  **STATEMENT OF CLAIMS**

23  **FIRST CLAIM FOR RELIEF**

24  **On Behalf of Charging Parties Aguilar and Esparza and Similarly Situated Employees**
25  **Violation of Title VII of Civil Rights Act Based on Sexual Harassment**

26       7)      More than thirty days prior to the institution of this lawsuit, Teresa Aguilar, Luz

27  Esparza and Julio Villa filed charges of discrimination with Plaintiff Commission alleging

28  violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit

1 | have been fulfilled.

2 |       8)    Since at least August 29, 2004, Defendant engaged in unlawful employment

3 | practices in violation of §704(a) of Title VII, 42 U.S.C. §2000-e-3(a) by subjecting Charging

4 | Parties Aguilar and Esparza, and similarly situated employees, to a sexually hostile, abusive,

5 | intimidating and offensive work environment.  This hostile environment was created by

6 | unwelcome verbal and physical harassment of a sexual nature and based on sex, and resulted in

7 | the constructive discharge of Charging Parties Aguilar and Esparza, and similarly situated

8 | employees.

9 |       9)    The effect of the actions complained of in paragraph 8 above has been to deprive

10 | Charging Parties Aguilar and Esparza, and similarly situated employees of equal employment

11 | opportunities and otherwise adversely affect their status as employees.

12 |      10)    The unlawful employment practice complained of in paragraph 8 above were

13 | intentional.

14 |      11)    The unlawful employment practice complained of in paragraph 8 above were

15 | done with malice and/or with reckless indifference to the federally protected rights of Charging

16 | Parties Aguilar and Esparza, and similarly situated employees.

17 | **SECOND CLAIM FOR RELIEF**

18 | **On Behalf of Charging Parties Aguilar, Esparza and Villa, and Similarly Situated**
19 | **Employees**
20 | **Violation of Title VII of Civil Rights Act Based on National Origin-Based Harassment**

21 |      12)    Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through
22 | 7 above as though fully set forth herein.

23 |      13)    In addition to the above-referenced disparate treatment, Defendant engaged in

24 | unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. §2000-e-3(a) by

25 | subjecting Charging Parties Aguilar, Esparza, and Villa, and similarly situated employees, to a

26 | hostile, abusive, intimidating and offensive work environment on the basis of their national

27 | origin, Mexican.  This hostile environment was created by unwelcome derogatory comments and

28 | degrading actions based on the employees' national origin, and resulted in the constructive
discharge of Charging Parties Aguilar, Esparza, Villa, and similarly situated employees.

COMPLAINT                                                     

1      14)    The effect of the actions complained of in paragraph 13 above has been to deprive

2  Charging Parties and similarly situated employees of equal employment opportunities and

3  otherwise adversely affect their status as employees because of their national origin.

4      15)    The unlawful employment practice complained of in paragraph 13 above was

5  intentional.

6      16)    The unlawful employment practice complained of in paragraph 13 above was

7  done with malice or with reckless indifference to the federally protected rights of Charging

8  Parties and similarly situated employees.

9                    **PRAYER FOR RELIEF**

10     Wherefore, the Commission respectfully requests that this Court:

11     A.    Grant a permanent injunction enjoining Defendant, its officers, successors,

12  assigns, and all persons acting in concert or participation with them, from engaging in sex

13  discrimination, including sexual harassment, against its employees.

14     B.    Grant a permanent injunction enjoining Defendant, its officers, successors,

15  assigns, and all persons acting in concert or participation with them, from engaging in national

16  origin discrimination, including harassment based on national origin, against its employees.

17     C.    Order Defendant to institute and carry out policies, practices, and programs which

18  prohibit disparate treatment based on sex and national origin, and which eradicate the effects of

19  its unlawful employment practices.

20     D.    Order Defendant to make Charging Parties and similarly situated employees

21  whole, by providing appropriate back pay and benefits with prejudgment interest, and other

22  affirmative relief necessary to eradicate the effects of their unlawful employment practices,

23  including but not limited to reinstatement and/or front pay and other appropriate relief to be

24  determined at trial.

25     E.    Order Defendant to make Charging Parties and similarly situated employees

26  whole by providing compensation for past and future pecuniary losses resulting from the

27  unlawful employment practices complained of above, including but not limited to such out-of-

28  pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be

1  determined at trial.

2      F.     Order Defendant to make Charging Parties and similarly situated employees

3  whole by providing compensation for past and future nonpecuniary losses resulting from the

4  unlawful practices complained of above including, but not limited to emotional pain and

5  suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined

6  at trial.

7      G.    Order Defendant to pay Charging Parties and similarly situated employees

8  punitive damages for the malicious and reckless conduct described above, in amounts to be

9  determined at trial.

10     H.    Grant such further relief as the Court may deem just and proper in the public

11  interest.

12     I.      Award the Commission its costs of this action.

### DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby

demands a jury trial.

Ronald S. Cooper
General Counsel
James L. Lee
Deputy General Counsel
Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity
Commission
1801 L Street, N.W.
Washington, DC 20507

Date: _Sept. 26,_____, 2006

WILLIAM R. TAMAYO
Regional Attorney

Date: _Sept. 26, _____, 2006

JONATHAN T. PECK
Supervisory Trial Attorney

Date: _Sept. 26_____, 2006

CINDY O'HARA
Senior Trial Attorney